## Stowers v. Runyon, et al.

(Decided November 18, 1924.)

### Appeal from Pike Circuit Court.

1. Principal and Agent—Knowledge of Agent is Imputed to Principal.—Knowledge of agent purchasing land as to third person's rights is imputed to his principal.

2. Lis Pendens—Parties to Conveyance of Land have Constructive Notice of Rights of One Filing Lis Pendens Notice.—Parties to transfer of land have constructive notice of rights of one who has filed lis pendens notice.

3. Attorney and Client—Attorney Recovering One Parcel of Land and Failing to Recover Another Held Entitled to Agreed Compensation.—Attorney employed to recover two parcels of land for an amount equal to half of value of property recovered·held entitled to agreed compensation, where he only recovered one parcel, in

absence of showing that he failed to do anything he should have done.

F. W. STOWERS and JOHN D. CARROLL for appellant.

J. E. CHILDERS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

In 1884 Asa Runyon and wife by two separate deeds conveyed to their son Jacob and his wife two tracts of land, the first containing 185 acres, the second 195½ acres. The deeds contained the following provision:

"And Jacob Runyon and Sallie, the party second, is bound not to sell said land during said Asa H. Runyon lifetime without his consent. . . .

"The parties of the second part is hereby bound to maintain the said Asa H. Runyon and Sarah Runyon, his wife, they themselves personally. If called on during their natural lives. If they become unable to maintain themselves."

Jacob Runyon and wife conveyed the minerals in the land to the Pond Creek Coal Company without the consent of Asa Runyon and then died. After their death on April 15, 1912, Asa Runyon and the seven children of Jacob Runyon and wife, employed F. W. Stower by a written contract to take such steps and bring such action as he thought necessary for the recovery of their interest in the lands and minerals thereunder and agreed to pay for his services an amount equal in value to 50% of whatever he recovered. Stowers under that employment filed a petition for them and in their name, against the Pond Creek Coal Company, and in January, 1914, obtained a judgment holding the deed made by Jacob Runyon and wife as to the 185 acre tract to be void. This judgment was affirmed by this court November 17, 1914. Pond Creek Coal Co. v. Runyon, 161 Ky. 64.

G. C. Runyon, who was one of the sons of Jacob Runyon, and one of the persons for whom the recovery was made, on June 26, 1916, conveyed his entire interest in the land recovered to his brother, Jacob Runyon, in consideration of $400.00, in hand paid, and Jacob Runyon for the same consideration on December 19, 1916, conveyed this interest to R. L. Sparks, who was his father-in-law and had furnished the $400.00 to pay G. C.

Runyon. In fact Jacob Runyon made the purchase for Sparks and Sparks thereafter sold the property for $3,-000.00. On December 15, 1916, Stowers brought this action against Jacob Runyon, G. C. Runyon and Sparks to recover his contract fee alleging the above facts. An answer was filed controverting the allegations of the petition; proof was taken and on final hearing Stowers' petition was dismissed. He appeals.

There is little real controversy about the facts above stated. Stowers was employed; he made the recovery above indicated, and as a matter of fact G. C. Runyon, who was in the Philippines, made the deed conveying his interest, supposing that that interest was only one-half of one-seventh of the land, but the deed in fact conveyed all his interest in the land. Stowers under his contract took no interest in the land; he was only entitled to a fee equal in amount to the value of half of what he recovered.

The evidence is undisputed that Jacob Runyon knew all about the facts, for he too had signed the contract under which Stowers was employed to bring the suit. He got the deed from his brother G. C. Runyon as the agent of his father-in-law Sparks, and so his knowledge must be imputed to his principal, for whom he acted in obtaining the deed. The deed, which he afterwards made to his father-in-law, simply carried out the agreement between them. In addition to this before Jacob made that deed to Sparks, Stowers had filed his *lis pendens* notice as provided by the statute and Sparks had constructive notice of his rights, if he did not have actual notice.

The chief ground relied upon to defeat Stowers' claim is that he should have recovered the 195½ acre tract as well as the 185 acre tract, and that failing to recover both tracts he should have no fee. His client G. C. Runyon has not made this complaint; but passing this by, there is nothing in the record showing that Stowers failed to do anything that he should have done. The record of the action in which the recovery was made is not in this record. Reference is made in the brief to another action in which it is said that a recovery was denied as to the 195½ acre tract, but that record is not in the transcript. For the court to hold on this record that Stowers failed to do anything he ought to have done or did anything he should not have done by reason of which his clients lost the 195½ acre tract is to go beyond anything in the record.

The proof shows that the property had somewhat increased in value when Sparks sold it for $3,000.00, but we think it clear from all the evidence that it was worth at least $2,000.00 when recovered. A judgment should be entered in favor of Stowers for $1,000.00, with interest from November 17, 1914.

Judgment reversed and cause remanded for a judgment in Stowers' favor as above indicated. He will be adjudged a lien on the land, but no sale will be ordered until the owner is before the court.